UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Milk Specialties Company, d/b/a Milk Specialties Global,<br><br>Plaintiff,<br><br>v.<br><br>Sandair Corporation, d/b/a California Freight Sales,<br><br>Defendant. | No. 2:24-cv-01310-KJM-CSK<br><br>ORDER |

Defendant Sandair Corporation d/b/a California Freight Sales moves to dismiss the complaint brought by plaintiff Milk Specialties Company's d/b/a Milk Specialties Global. Defendant's motion argues plaintiff fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the court **denies** the motion.

I.   **BACKGROUND**

Plaintiff is a Delaware corporation that creates and manufactures specialty proteins and dairy ingredients. Compl. ¶ 1, ECF No. 1. Defendant is a California corporation that provides "multi-modal transportation, freight brokerage and warehousing." *Id.* ¶ 2. As part of its business, plaintiff contracts with different shipping and logistics companies, such as defendant, to transport its products. *See id.* ¶¶ 5–6. Plaintiff contacted defendant and requested defendant "broker the shipment" of Milk Protein Isolate ("product") from plaintiff's plant in Visalia, California to one

1

of plaintiff's customers in Elma, New York. *Id.* ¶ 9. Defendant agreed and "engaged" a company named OU7 Freight to transport the product. *See id.* ¶¶ 9–10. However, OU7 Freight never picked up the product, and the product was never delivered to plaintiff's customer. *Id.* ¶¶ 14, 18. Instead, plaintiff alleges Cencal Transport, LLC picked up the product and then OU7 Freight and/or Cencal Transport, LLC stole it. *Id.* ¶¶ 15, 25.

Plaintiff filed a complaint alleging negligence and promissory estoppel. *See id.* ¶¶ 32–43. Specifically, plaintiff alleges defendant breached its "duty of reasonable care in selecting organizations to transport the Product" when it violated industry standards by not using a software known as "the Highway System" or an equivalent to vet OU7 Freight prior to selecting the organization to transport plaintiff's product. *Id.* ¶¶ 12, 34–35. According to plaintiff, defendant would not have contracted with OU7 Freight if defendant had utilized the Highway System. *Id.* ¶ 13. Further, plaintiff alleges defendant breached its promise to "safely and reliably transport" its product. *Id.* ¶ 40. Defendant now seeks to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Mot., ECF No. 13; Mem., ECF No. 13-1. Plaintiff opposes, *see* Opp'n, ECF No. 16, and defendant filed a reply, *see* Reply, ECF No. 18. The court submitted the matter as provided by Local Rule 230(g). Mins., ECF No. 22.

## II.   LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted only if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)).

A complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009). In the same vein, conclusory or formulaic recitations elements do not alone suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555).

### III. ANALYSIS

In moving to dismiss, defendant makes two arguments. *See generally* Mot.; Mem. First, defendant contends plaintiff's claims are "[e]ssentially [c]laims under the Carmack Amendment" and cannot be brought against defendant because defendant is not a "carrier." Mem. at 8.[1] Second, defendant argues plaintiff's claims are preempted under the Federal Aviation Administration Authorization Act. *Id.* at 10–17. The court evaluates each argument below.

#### A. Carmack Amendment Preemption

In 1906, Congress "superseded diverse state laws" and enacted the Carmack Amendment to the Interstate Commerce Act to create a uniform liability policy governing carriers' liability when transporting goods across state lines. *See New York, N. H. & H. R. Co. v. Nothnagle*, 346 U.S. 128, 131 (1953) (discussing history of Carmack Amendment); *see also Hughes Aircraft Co. v. N. Am. Van Lines, Inc.*, 970 F.2d 609, 613 (9th Cir. 1992) (discussing general liability under Carmack Amendment). The Carmack Amendment creates a civil cause of action against carriers responsible "for the actual loss or injury to the property." *See* 49 U.S.C. § 14706. "It is well settled that the Carmack Amendment is the exclusive cause of action for interstate-shipping contract claims alleging loss or damage to property." *Hall v. N. Am. Van Lines, Inc*, 476 F.3d 683, 688 (9th Cir. 2007) (citation omitted).

Defendant argues plaintiff's claims are in fact Carmack Amendment claims, because plaintiff is alleging "loss to goods during interstate shipment." Reply at 4. According to defendant, plaintiff's claims should be dismissed because defendant is a "broker," and brokers are not subject to Carmack Amendment liability. *Id.* at 5. A broker is defined as:

> A person, other than a motor carrier or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or

---

[1] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

>otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation.

49 U.S.C. § 13102(2).

In response, plaintiff agrees defendant acted as a "broker." Opp'n at 6; *see also* Compl. ¶¶ 2, 7–9, 33, 40. However, plaintiff argues the Carmack Amendment does not preempt its negligence claim.[2] Opp'n at 9. The court agrees with respect to both the negligence and promissory estoppel claims.

Despite defendant's argument to the contrary, the unavailability of relief under the Carmack Amendment does not bar plaintiff from bringing state law claims in connection with interstate shipments. Instead, as district courts in this circuit have found, plaintiff may proceed with its claims under state law, as it does here in diversity. *See, e.g.*, *Stage Nine Design, LLC v. Rock-It Cargo USA, LLC*, No. 21-00722, 2021 WL 3847724, at *4 (E.D. Cal. Aug. 27, 2021) (noting "'[b]rokers' . . . are exempt from the [Carmack Amendment's] liability scheme, and instead may only be held liable under state law"); *Chubb Grp. of Ins. Companies v. H.A. Transp. Sys., Inc.*, 243 F. Supp. 2d 1064, 1069 (C.D. Cal. 2002) (collecting cases and clarifying "most courts hold that brokers may be held liable under state tort or contract law in connection with shipments"). *But see Com. Union Ins. Co. v. Forward Air, Inc.*, 50 F. Supp. 2d 255, 259 (S.D.N.Y. 1999) (noting without holding "there is a strong argument that the Carmack Amendment preempts . . . those state law claims that are asserted against defendants whose liability is not specifically provided for in the Amendment").

Plaintiff's state law claims are not barred by the Carmack Amendment.

---

[2] Plaintiff also appears to argue defendant waived any arguments regarding plaintiff's promissory estoppel claim. *See* Opp'n at 16 (arguing defendant did not move to dismiss plaintiff's promissory estoppel claim and so motion should be denied). In reply, defendant argues "it does not matter how [p]laintiff labels its claim"—it is still subject to the Carmack Amendment. Reply at 8. "Arguments raised for the first time in a reply brief are waived." *Autotel v. Nevada Bell Tel. Co.*, 697 F.3d 846, 852 n.3 (9th Cir. 2012). Here, defendant is not raising new arguments in reply, because it stated in its motion that plaintiff's "cargo loss claims . . . are essentially claims under the Carmack Amendment." Mem. at 8. While defendant was not consistent in its use of the word "claims" the court finds it did not waive its Carmack Amendment preemption argument with respect to promissory estoppel. However, defendant does not argue the promissory estoppel claim is preempted by the FAAAA and that argument is waived.

4

**B.     FAAAA Preemption**

Defendant also argues that plaintiff's negligence claim[3] is preempted under the Federal Aviation Administration Authorization Act (FAAAA). *See* Mem. at 10–17; Reply at 6–8. Congress passed the FAAAA to (1) dispense with the competitive advantage air carriers enjoyed in comparison to motor carriers, and (2) "address the inefficiencies, lack of innovation, and lack of competition caused by non-uniform regulations of motor carriers." *California Trucking Ass'n v. Su*, 903 F.3d 953, 960 (9th Cir. 2018) (citation omitted). The FAAAA preempts state laws that are "related to a price, route, or service of any . . . broker . . . with respect to the transportation of property." 49 U.S.C. § 14501(c)(1).

Relying on the Ninth Circuit's decision in *Miller v. C.H. Robinson Worldwide, Inc.*, 976 F.3d 1016 (9th Cir. 2020), plaintiff argues its negligent selection claim is not preempted because it "does not relate to the price, route, or service of the trucking industry." Opp'n at 15. "To determine whether a state law has a 'connection with' rates, routes, or services" *Miller* directs a court to "'examine the actual or likely effect' of the law" to determine whether a state law has a "connection with" rates, routes or services. *Miller*, 976 F.3d at 1022. If the state law directs brokers to "provide a particular service to customers" the provision is preempted, whereas if the law impacts the service in only a "tenuous, remote, or peripheral . . . manner with no significant impact on Congress's deregulatory objectives" it is not preempted. *Id.* Under this rule, plaintiff argues its claim that defendant negligently selected a motor carrier to transport its product "only imposes an affirmative duty" on defendant and "does not have any impact on the deregulation of the trucking industry." Opp'n at 16. Therefore, plaintiff argues its negligence claim is not preempted under the FAAAA.

Contrary to plaintiff's representation, *Miller* ultimately determined "when brokers arrange for transportation by motor carrier, they perform a 'service' within the meaning of the FAAAA." 976 F.3d at 1025; *see also Aspen Am. Ins. Co. v. Landstar Ranger, Inc.*, 65 F.4th 1261, 1268 (11th Cir. 2023) (finding negligent hiring claim against broker was expressly preempted by

---

[3] As noted above, defendant waived any argument regarding FAAAA preemption as to plaintiff's promissory estoppel claim.

49 U.S.C. § 14501(c)(1)); *Ye v. GlobalTranz Enterprises, Inc.*, 74 F.4th 453, 460 (7th Cir. 2023), *cert. denied*, 144 S. Ct. 564 (2024) ("§14501(c)(1) expressly preempts" plaintiff's state law claim against broker that was "rooted in a theory of negligent hiring"). Here, as in *Miller*, plaintiff is alleging defendant, a broker, negligently selected a motor carrier to transport plaintiff's product. *See generally* Compl. Accordingly, plaintiff's negligence claim is preempted under the FAAAA unless an exception applies.

As relevant here, a "safety exception" provides that the FAAAA "shall not restrict the safety regulatory authority of a State with respect to motor vehicles." 49 U.S.C. § 14501(c)(2)(A). In *Miller*, the Ninth Circuit analyzed this exception and determined the "safety regulatory authority of a State" includes the ability to provide for common-law tort claims, such as negligence, *see* 976 F.3d at 1026, finding "it appropriate to interpret the clause broadly," *id.* at 1028. Further, the Ninth Circuit interpreted the statutory language "with respect to motor vehicles" to mean "a connection with motor vehicles, whether directly or indirectly." *Id.* at 1030 (quotation marks and citation omitted). Based on this construction of the statute, the Ninth Circuit held that "negligence claims against brokers that arise out of motor vehicle accidents" have the requisite "connection with" motor vehicles and are therefore not preempted by the FAAAA because they fall under the safety exception. *Id.* at 1031.

Plaintiff argues *Miller* addressed circumstances analogous to the instant dispute, *see* Opp'n at 15, and the court agrees. In deciding the safety exception applied in *Miller*, the Ninth Circuit noted it had previously determined criminal history disclosure requirements for tow truck drivers had the requisite "connection with" motor vehicles, because the requirements were "genuinely responsive to the safety of other vehicles and individuals involved in the towing process." *Id.* at 1030 (quoting *California Tow Truck Ass'n v. City of San Francisco*, 807 F.3d 1008, 1023 (9th Cir. 2015)). According to *Miller*, if criminal history disclosure requirements had the requisite connection with motor vehicles, then "negligence claims against brokers that arise out of motor vehicle accidents must as well: Neither directly regulates motor vehicles, but both promote safety on the road." *Id.* This line of analysis applies to this case as well. Here, plaintiff seeks to hold a broker accountable for property losses sustained due to the broker's alleged

6

1  negligent selection of a motor carrier. *See generally* Compl. While plaintiff's allegations arise

2  out of property loss rather than personal injury, as was the case in *Miller*, plaintiff's negligence

3  claim is still fundamentally "genuinely responsive to the safety of other vehicles and individuals."

4  *California Tow Truck Ass'n*, 807 F.3d at 1023. As the Ninth Circuit noted previously, the safety

5  exception is not limited to circumstances involving "'on-the-road' safety for two trucks." *Id.* at

6  1025. Instead, it includes protecting the safety of "the individuals who interact with tow truck

7  operators and firms." *Id.* Plaintiff's negligent selection claim seeks to promote safety by

8  requiring brokers to vet carriers, thereby precluding the selection of carriers "who commit

9  misconduct related to their services" such as theft. *See id.*; Opp'n at 15. Because protecting

10 against theft and the conduct that can arise and harm individuals who interact with carriers

11 engaged in theft, the safety exception applies. Accordingly, the court finds the FAAAA does not

12 preempt plaintiff's negligence claim, because it falls within the FAAAA's safety exception.

13      Defendant urges the court to depart from the majority opinion in *Miller* and follow

14 Eleventh and Seventh Circuit decisions finding the safety exception does not apply under the

15 circumstances of this case. *See* Mem. at 12–15. Specifically, defendant argues the *Miller* court

16 erred in two specific ways.

17      First, according to defendant, *Miller* improperly relied on a "presumption against

18 preemption" when analyzing the safety exception in the FAAAA, "in direct conflict" with

19 Supreme Court precedent. Mem. at 13. In *Puerto Rico v. Franklin California Tax-Free Tr.*, the

20 Supreme Court held if a "statute contains an express pre-emption clause, we do not invoke any

21 presumption against pre-emption but instead focus on the plain wording of the clause, which

22 necessarily contains the best evidence of Congress' pre-emptive intent." 579 U.S. 115, 125

23 (2016). Defendant's arguments notwithstanding, no Supreme Court or Ninth Circuit decision has

24 overruled *Miller*. At most, a Ninth Circuit decision has dropped a footnote observing the parties

25 in one case "failed to address *Franklin*." *See R.J. Reynolds Tobacco Co. v. Cnty. of Los Angeles*,

26 29 F.4th 542, 553 n.6 (9th Cir. 2022), *cert. denied sub nom. R.J. Reynolds Tobacco Co. v. Cnty.*

27 *of Los Angeles, California*, 143 S. Ct. 979 (2023). Moreover, given the other reasons *Miller* gave

28 in finding the safety exception applied, *see* 976 F.3d at 1026–31, and as discussed above, it is not

7

1    likely a theoretical "presumptive thumb on the scale" would have altered the conclusion, *see R.J.*
2    *Reynolds Tobacco Co.*, 29 F.4th at 553 n.6 (noting parties in *Miller* "failed to address *Franklin*").
3    　　　Second, defendant argues the *Miller* court improperly analyzed the clause "with respect to
4    motor vehicles." Mem. at 13.  This argument is based on the Seventh Circuit's analysis in *Ye v.*
5    *GlobalTranz Enterprises, Inc.*, 74 F.4th 453, 465 (7th Cir. 2023), *cert. denied*, 144 S. Ct. 564
6    (2024), which of course is not binding on this court.  This court follows the Ninth Circuit's
7    decision in *Miller*, which explicitly clarified the meaning of "with respect to motor vehicles" as
8    "a connection with motor vehicles, whether directly or indirectly." *Miller*, 976 F.3d at 1030
9    (quotation marks and citation omitted).
10   　　　Defendant's motion to dismiss is **denied**.
11   **IV.    CONCLUSION**
12   　　　For the reasons set forth above, the court **denies** the motion to dismiss.  Defendant's
13   "responsive pleading must be served within 14 days[.]" *See* Fed. R. Civ. P. 12(a)(4)(A).  The
14   Status (Pretrial Scheduling) Conference will proceed as scheduled on **October 24, 2024, at**
15   **2:30 p.m.**  Min. Order (Sept. 23, 2024), ECF No. 23.
16   　　　This order resolves ECF No. 13.
17   　　　IT IS SO ORDERED.
18   DATED: October 12, 2024.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE